**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Francis E. CROSSLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 5, 1998.

Filed May 1, 1998.

Gregory T. Moro, Bloomsburg, for appellant.

Robert W. Buehner, Jr., Dist. Atty., Bloomsburg, for Com., appellee.

Before JOHNSON, MUSMANNO and BECK, JJ.

BECK, Judge:

In this appeal we address the notice requirement in the tender years exception to the hearsay rule, codified at 42 Pa.C.S.A. § 5985.1(b). We find that notice was not provided in this case, making admission of the statements at issue a violation of the statute's provisions. Therefore, we vacate the judgment of sentence and remand for a new trial.

The record reveals the following facts. Appellant spent a day babysitting the victim, a three and one-half year old boy. Appellant and the boy's mother were friends, but this was the first time Mother left her son in appellant's care. Later that same day, Mother brought the victim to his grandmother's house. While playing at the home, the victim began talking to himself and was overheard by Grandmother. The boy stated that he wasn't supposed to "tell Mom" that "Fran [appellant] made him touch his big water hose" and "Fran touched his little water hose." Grandmother informed Mother of the boy's statements. On the same evening, the victim told Mother that Fran rubbed the victim's "water hose" and had the victim do the same to him. The following day, in the presence of a preschool teacher during a home visit, the victim told Mother that Fran put his "water hose" in the victim's mouth.

Mother contacted Children and Youth Services (CYS) and made a formal complaint of sexual abuse. The police were brought in and an investigation promptly ensued. On the same day she made the complaint, Mother received a telephone call from appellant

who asked her how she could "do a thing like this." Later, when he was interviewed by a state trooper, appellant claimed that the victim initiated the sexual contact while appellant was in the bathroom. Appellant made the following written statement in the presence of the trooper:

> I, Francis E. Crossley, was babysitting at [Mother's] place before Christmas when [the victim] sucked my penis for a minute or two. And I should have backed away, but didn't. I am sorry it happened. I am not that type of person. It was something that just happened.

Trial Transcript at 65.

On the day of trial, the Commonwealth sought to present as witnesses the victim, then four and one-half years old, as well as Mother, Grandmother and the preschool teacher. In addition, it attempted to offer into evidence a videotaped interview between the victim and a CYS worker. Appellant's counsel objected, asserting that he had not received the videotape until the night before trial and had received the statements of Mother and Grandmother only four days earlier. The court ruled that compliance with § 5985.1 was necessary in order for the hearsay statements to be admissible.

Section 5985.1, sometimes called the Tender Years Hearsay Act, was enacted to permit admission of hearsay statements made by child victims of sexual abuse, and at the same time provide safeguards for truthfulness and the constitutional rights of an accused. *Commonwealth v. Hanawalt,* 419 Pa.Super. 411, 615 A.2d 432, 436 (1992). The Act provides:

> (a) General rule.—An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing physical abuse, indecent contact or ... sexual offenses performed with or on the child by another, not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal proceeding if:
>
> > (1) The court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

> (2) The child either:
>
> > (i) testifies at the proceeding; or
> >
> > (ii) is unavailable as a witness and there is corroborative evidence of the act.

> (a.1) Emotional distress.—Before the court makes a finding under subsection (a)(2)(ii), the court must determine, based on evidence presented to it, that testimony by the child as a witness will result in the child suffering serious emotional distress such that the child cannot reasonably communicate. In making this determination, the court may do all of the following:
>
> > (1) Observe and question the child victim or child material witness, either inside or outside the courtroom.
> >
> > (2) Hear testimony of a parent or custodian or any other person, such as a person who has dealt with the child victim or child material witness in a medical or therapeutic setting.

> (a.2) Counsel and confrontation.—If the court hears testimony in connection with making a finding under subsection (a)(2)(ii), all of the following apply:
>
> > (1) Except as provided in paragraph (2), the defendant, the attorney for the defendant and the attorney for the Commonwealth have the right to be present.
> >
> > (2) If the court observes or questions the child, the court shall not permit the defendant to be present.

> (b) Notice required.—A statement otherwise admissible under subsection (a) shall not be received into evidence unless the proponent of the statement notifies the adverse party of the proponent's intention to offer the statement and the particulars of the statement sufficiently in advance of the proceeding at which the proponent intends to offer the statement into evidence to provide the adverse party with a fair opportunity to prepare to meet the statement.

42 Pa.C.S.A. § 5985.1.

Because the trial below was a bench trial, the court decided to first rule on the competency of the victim, then hear the trial evidence and later consider whether the prof-

fered hearsay was admissible under § 5985.1 and if so, whether appellant was guilty as charged.

The victim was questioned by the prosecutor, defense counsel and the court, after which the court found the child incompetent to testify at trial. The court also heard argument on the admission of the hearsay statements. Defense counsel argued that the statements were inadmissible because the Commonwealth neither notified the defense of its intention to use the hearsay nor set forth the particulars of the statements it hoped to utilize. The prosecutor argued that counsel had received both Mother and Grandmother's statements as part of a discovery packet on the Friday before trial and also had prior notice of Mother's testimony since she had testified at the preliminary hearing.

The court found that notice with respect to Mother and Grandmother's testimony was sufficient under § 5985.1. The court also ruled that the videotape and the testimony of the teacher were inadmissible for failure of sufficient notice.

Subsequently, the court heard Mother and Grandmother's testimony, as well as that of appellant and two other witnesses he offered on his behalf. The court ultimately ruled that the circumstances surrounding the hearsay statements satisfied the test for reliability established by this court in *Hanawalt*, thereby making the statements admissible under § 5985.1.[1] Based on that testimony, and on appellant's statement, the court found appellant guilty of Involuntary Deviate Sexual Intercourse, 18 Pa.C.S.A. § 3123, Indecent Assault, 18 Pa.C.S.A. § 3126, Corruption of the Morals of a Minor, 18 Pa.C.S.A. § 6301, and Endangering the Welfare of Children, 18 Pa.C.S.A. § 4304.

On appeal, appellant argues that the hearsay statements testified to by Mother and Grandmother should not have been admitted due to the Commonwealth's failure to give notice as required by § 5985.1. Appellant also claims that even if notice was given, it

was insufficient. Further, appellant argues that even if sufficient notice was given, the circumstances under which the hearsay statements were made were unreliable and inadequate under *Hanawalt*, therefore precluding their admission. Finally, appellant asserts that the victim was not unavailable to testify for purposes of the statute.

Our thorough review of the record and a close analysis of the Tender Years Hearsay Act and other applicable authority prompts us to agree that appellant was not notified in the manner required by statute and the statements should not have been admitted. We conclude that the violation of the statute's notice provision requires reversal.

It appears that the notice requirement of the Act has yet to be addressed directly by our courts. To support his claim that formal notice is mandatory under the Act, appellant relies on a recent supreme court case. In *Commonwealth v. Halsted*, 542 Pa. 318, 666 A.2d 655 (1995), the trial court admitted the hearsay statements of a child witness as a prior inconsistent statement under the authority of *Commonwealth v. Lively*, 530 Pa. 464, 610 A.2d 7 (1992). The appellant challenged the ruling on appeal and our supreme court reversed and held that the statement did not meet the *Lively* test.

The dissenting justice in *Halsted* agreed that the statements were not admissible under *Lively*, but concluded that they were admissible under the Tender Years Hearsay Act. In finding that the notice requirement was met in *Halsted*, the dissent relied on counsel's knowledge of Pennsylvania law, his possession of the statement at issue, his pretrial motion to preclude the statement and his knowledge of the declarant's age. The dissent reasoned: "Under these facts, I would find that appellant was apprised of the existence and substance of the statement so as to have been put on adequate notice of its potential use at trial." *Id.* at 332, 666 A.2d at 662 (Castille, J. dissenting).

---

1. In *Hanawalt*, a panel of this court instructed the trial court to consider the following factors, along with any others it deemed appropriate: 1) the spontaneity and consistent repetition of the statement(s); 2) the mental state of the declarant; 3) the use of terminology unexpected of a child of similar age; and 4) the lack of motive to fabricate. *Hanawalt, supra* at 438.

In responding to the dissent, then-Chief Justice Nix noted that the trial court had not proceeded under § 5985.1 and, therefore, affirmance on that basis was inappropriate. With respect to the notice requirement, the court stated:

[T]he fact that the adverse party may know of the existence of evidence the Commonwealth could possibly intend to introduce, does not remove the Commonwealth's burden of actually notifying that party that an attempt to introduce the evidence will be made. Furthermore, although it is true that persons licensed to practice law in Pennsylvania are charged with knowing the law of the Commonwealth, they are not to be penalized when the opposing party fails to abide by the requirements of those same laws.

*Id.* at 325, 666 A.2d at 659.

The *Halsted* case is not controlling here. Not only is the relevant language of the opinion dicta, but four members of the court joined in a concurring opinion that agreed only with the conclusion that *Lively* was not satisfied, and one of those justices specifically dissented from the language discussing § 5985.1. Nonetheless, we are convinced that Justice Nix's opinion in *Halsted* was a proper interpretation of the Act.

■ The language of the statute plainly requires the Commonwealth to notify the defense of its "intention to offer the statement and the particulars of the statement." If we construed this provision as merely requiring that the statement be given in the regular course of discovery, the provision would have little or no significance since the Rules of Criminal Procedure already provide the defense with an opportunity to discover witness statements. *See* Pa.R.Crim.P. 305(B)(2). Speaking practically, and considering the typically liberal exchange of discovery from the Commonwealth to the defense, we conclude that the Act's explicit notice requirement has meaning beyond mere com-

pliance with discovery requests. The statute requires notice of an ***intention*** to offer the hearsay statement at trial; supplying an opponent with a number of discovery documents is simply not the same as informing that opponent of an intention to use a specific document in a particular manner.

The statute mandates more than ordinary discovery. It mandates heightened discovery. It recognizes that child witnesses pose difficult problems for the parties, the court and the jury. A child may not be able to tell his story in court because of emotional trauma associated with the crime. The law, therefore, makes a special accommodation to enable the prosecution to prove its case in such circumstances. This accommodation in turn poses unique challenges for the defendant who must defend against a charge where the victim himself does not tell the jury what happened, but others to whom the victim talked become his surrogate in court. In permitting such hearsay, the legislature has determined that the defendant is entitled to a type of notice that is direct and specific in order to provide a meaningful opportunity to challenge the hearsay. For example, the defendant may wish to offer expert psychological evidence about the failure of children of certain ages to distinguish truth from fantasy or the defendant may have specific evidence relating to the victim's reliability. It is for these reasons that the notice provisions are strict and must be strictly observed.

■ The Act clearly states that in the event notice is not given, the "statement ***shall not*** be received into evidence." § 5985.1(b) (emphasis supplied). Since it is only by the authority of the statute that this otherwise inadmissible evidence is deemed admissible, a party's failure to comply with the statute's provisions must be met with the result dictated by the statute.[2] Here, the legislature decided that a lack of notice negates the benefit § 5985.1 provides to the

---

2. In light of the clear language of the statute, we find a prejudice analysis, which would require the defendant to establish what he would have done differently had he been given notice, inappropriate. Further, a harmless error analysis would not work to the Commonwealth's benefit

in this case. Without Mother and Grandmother's statements, the Commonwealth was left only with appellant's statement. The victim did not testify and the nature of the indecent contact was such that no physical/medical evidence existed.

Commonwealth's case. We have no authority to alter that statutory scheme.[3]

We find, therefore, that because the Commonwealth failed to notify appellant in accordance with the statute, the statements should not have been admitted into evidence and appellant is entitled to a new trial.

Because we have decided that the hearsay evidence was erroneously admitted for lack of notice, we need not consider appellant's other claims, including his assertion that the incompetence of the victim was not a proper ground for applying § 5985.1. We note, however, that this issue could not be the basis for reversal since appellant did not preserve the issue before the trial court at time of trial. The claim, therefore, is waived.

Judgment of sentence vacated; matter remanded for new trial. Jurisdiction relinquished.

---

**3.** Of course, on remand there is nothing to prevent the Commonwealth from notifying the defense not only of its intention to use Mother's and Grandmother's testimony, but also of its intention to use the CYS videotape and the testimony of the teacher.