J-S77030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| T.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JONATHAN REESE | : | |
| | : | |
| Appellant | : | No. 516 MDA 2017 |

Appeal from the Order Entered March 8, 2017
In the Court of Common Pleas of Northumberland County Civil Division at
No(s):  CV-2017-00036

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED DECEMBER 20, 2017**

Jonathan Reese appeals from the trial court's final sexual violence protection order entered against him, after Appellee T.D. filed a petition for protection on behalf of his now 10 year-old daughter, C.D. (d/o/b 8/07).  After careful review, we affirm.

On January 6, 2017, T.D. filed a petition pursuant to Pennsylvania's Protection of Victims of Sexual Violence or Intimidation Act ("the Act")[1] alleging that C.D. had told him that Reese had "touched her down below" when she would visit with her mother,[2] that C.D. would come home to his house with different underwear on, and that mother would unnecessarily bathe her

---

[1] **See** 42 Pa.C.S. §§ 62A01-62A20.  In 2000, the Act was amended to allow for its use in civil proceedings.  **Fidler v. Cunningham-Small**, 871 A.2d 231, 235 (Pa. Super. 2005).

[2] In his answer, Reese alleges that C.D.'s mother resides on the second floor of Reese's residence and that they share a common kitchen.

---

and wash her in the vaginal area. Petition for Sexual Violence Protection Order, 1/6/17, at ¶ 5. On January 18, 2017, after an *ex parte* hearing, the court entered a temporary order of protection and scheduled a full hearing on the petition for January 30, 2017. On January 26, 2017, Reese's counsel requested a continuance due to the fact that he was attached for an adjudication hearing in Schuylkill County on January 30, 2017, at 9:30 a.m. The application noted that counsel had been unable to reach opposing counsel to notify him of the request. The court granted the continuance, continuing the hearing until February 8, 2017. On January 27, 2017, Reese's counsel requested another continuance, noting that he was attached in Lehigh County Court for a status conference on February 8, 2017. The court granted the continuance until February 15, 2017.

On February 8, 2017, T.D. filed a notice of his intention to proceed under the Tender Years Exception, 42 Pa.C.S.A. § 5985.1(a)(2), requesting that the court admit the statements of other witnesses,[3] in lieu of C.D. testifying. The court scheduled an *in camera* hearing with regard to T.D.'s motion to proceed under the Tender Years Exception. On March 8, 2017, the court held a hearing on T.D.'s petition. At the beginning of the hearing, the court permitted T.D. to proceed under the Tender Years Exception, deeming C.D. unavailable to testify. At the hearing, the court heard the testimony from T.D., the CAC

---

[3] The witnesses were listed as a forensic interviewer from the Child Advocacy Center ("CAC"), T.D. himself, and C.D.'s learning support teacher. The forensic interviewer had conducted an interview of C.D.

forensic interviewer, and C.D.'s learning support teacher.  Reese and C.D.'s mom testified for the defense.  Later that day, the court entered the instant order that prohibits Reese from abusing, harassing, stalking or threatening C.D. or engaging in any form of contact with her for three years.

Reese filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  On appeal, he raises the following issues for our consideration:

(1)  Whether the trial court erred as a matter of law or abused its discretion by granting two continuances in favor of [T.D.] over the objection of [Reese's] counsel.

(2)  Whether the trial court erred as a matter o[f] law or abused its discretion by allowing [T.D.] to proceed under the Tender Years Exception to hearsay testimony pursuant to 42 Pa.C.S.A. § 5985.1(A)(2)(I).

(3)  Whether the trial court erred as a matter o[f] law or abused its discretion when admitting into evidence the video played by [T.D.] over the objection of [Reese's] counsel.

(4)  Whether the trial court erred as a matter o[f] law or abused its discretion when the trial court found in favor of [T.D.] and against [Reese] and granted a final sexual violence protection order in favor of [T.D.] and against [Reese].

Appellant's Brief, at 3-4.

Reese first contends that the trial court erred in granting two continuances requested by T.D., during the course of proceedings, and over Reese's objection.

The certified record contains two applications for continuances filed by Reese's own counsel, not T.D.'s, due to his attachment for proceedings in Lehigh and Northumberland Counties in unrelated cases.  Moreover, to the

extent that Reese claims the court granted continuances in favor of T.D. during court proceedings, Reese has failed to include, in the certified record, the notes of testimony from those proceedings. It is well settled that an appellate court may only consider the materials in the certified record when resolving an issue. ***Commonwealth v. Walker***, 878 A.2d 887 (Pa. Super. 2005). ***See Lundy v. Manchel***, 865 A.2d 850 (Pa. Super. 2004) (explaining that law regarding waiver for deficiencies in certified record applies in both civil and criminal context). Because we cannot meaningfully review this issue without the relevant portions of the transcribed proceedings, we find the issue has been waived.

In his next issue on appeal, Reese contends that the court impermissibly allowed T.D. to proceed under the Tender Years Exception despite his failure to comply with the Tender Years Hearsay Act. Specifically, Reese asserts that T.D.: did not proceed under the proper subsection of the Act, section 5985.1(a)(2)(ii), which does not require the child to testify; did not request that C.D. be deemed unavailable to testify; and did not allege that C.D. would suffer substantial emotional distress that would impair her ability to communicate.

The Tender Years Exception to the rule against hearsay, which is set forth in 42 Pa.C.S. § 5985.1, permits a hearsay statement of a child sexual abuse victim under the age of 12 to be admissible if the evidence is relevant and the time, content and circumstances of the statement provide sufficient indicia of reliability. ***Id.*** at § 5985.1(a). The Tender Years Exception allows

for the admission of a child's out-of-court statement due to the fragile nature of young victims of sexual abuse. *Commonwealth v. Hunzer*, 868 A.2d 498 (Pa. Super. 2005). Under the Act, the out-of-court statement is admissible in evidence in any criminal or civil proceeding if:

(1) the court finds, in an *in camera* hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) the child either:

(i) testifies at the proceeding; or

(ii) is unavailable as a witness.

42 Pa.C.S. § 5985.1(a)(1), (2).

To support his argument on this issue, Reese again references a proceeding which has not been included in the certified record for our review. *See* Appellant's Brief, at 30 ("At the time of the initial hearing on [T.D.'s] SVPO on January 18, 2017, [T.D.] attempted to proceed with presenting only the child's hearsay statements without any prior notification of his intention to use them, let alone the notice required under 42 Pa.C.S. § 5985.1(b)."). Although he has included it in the reproduced record on appeal, a deficiency cannot be remedied by merely including copies of the missing documents in a brief or reproduced record. *Walker*, *supra*. Therefore, we find this issue waived on appeal.[4]

_____

[4] We note that even if we were able to review the merits of Reese's claim, T.D. provided notice of the forensic interview conducted by a CAC member with

In his next issue, Reese contends that the trial court improperly admitted into evidence the CAC video interview with C.D. Specifically, Reese argues that T.D. never requested the admission of the video he ultimately played into evidence or offered it as an exhibit for inclusion in the record. Appellant's Brief, at 25.

The admission or exclusion of evidence is within the sound discretion of the trial court, and in reviewing a challenge to the admissibility of evidence, an appellate court will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law. **Cunningham-Small**, **supra**. A trial court has wide discretion in ruling on the relevancy of evidence and its rulings will not be reversed absent an abuse of discretion. **Id.**

In **Cunningham-Small**, **supra**, a father presented the trial court with videotaped interviews of his minor daughters that were conducted by the county children and youth agency. The father suspected the girls were being sexually abused by their mother's husband. Mother objected to the admission of the tapes, however the court reviewed them *in camera* to determine their relevance and reliability under the Tender Years Act. In coming to its decision to admit the tapes as substantive evidence, the court also relied on the

---

C.D. Moreover, Reese received a copy of that interview well in advance of the March 2017 hearing to prepare a proper defense. **Cf. Commonwealth v. Crossley**, 711 A.2d 1025 (Pa. Super. 1998).

testimony of the Agency's investigator, who had extensive experience with the girls and the case.

Here, Reese's counsel objected to the video being played at the proceedings, as well as its admission. *See* N.T. Protection from Sexual Violence Hearing, 3/8/17, at 28. Although the video was not formally admitted into evidence, T.D. had notified Reese that he would be using the videotape in lieu of C.D.'s testimony under the Tender Years Exception and also notified him that the CAC forensic interviewer would be a potential witness at the proceeding. Reese also had the opportunity to cross-examine the interviewer at the hearing. Moreover, the trial court had already viewed the video and found that it could be properly used in the proceedings. Reese has not alleged how he has been prejudiced by the process of the video's admission. Under such circumstances, we fail to find that the trial court abused its discretion[5] in permitting the tape to be used as evidence during the hearing.

In his final issue, Reese claims that the evidence was insufficient to prove "sexual violence," as defined by the Act, where the only testifying witnesses who had direct knowledge of the events occurring in the residence where the alleged sexual violence occurred testified that Reese was never

_____

[5] We note, however, that at the conclusion of the Protection from Sexual Violence Hearing, the court stated "[a]s to the video *I'm certainly going to accept it into evidence*. A copy was available to the defense, and the defense in its closing referred frequently to the contents of the video." N.T. Protection from Sexual Violence Hearing, 3/8/17, at 64 (emphasis added).

alone with C.D. and only saw her "momentarily on a few occasions." Appellant's Brief, at 29. He also claims that C.D.'s communication disorder makes it unclear whether she was in fact the victim of sexual violence. This claim raises a weight of the evidence challenge.

The court reviews the propriety of an order entered pursuant to the Act for an abuse of discretion or an error of law. **E.A.M. v. A.M.D.**, 2017 PA Super. 341 (Pa. Super. 2017). The court has described this standard as not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused. **Id.**

Under section 62A06(a) of the Act, a court is required to hold a hearing where the plaintiff must: (1) assert that the plaintiff or another individual, as appropriate, is a victim of sexual violence or intimidation committed by the defendant; and (2) prove by preponderance of the evidence that the plaintiff or another individual, as appropriate, is at a continued risk of harm from the defendant.[6] 42 Pa.C.S. § 62A06(a)(1), (2). Sexual violence under the Act is defined as "[c]onduct constituting a crime . . . between persons who are not family or household members . . . [which includes conduct] relating to

---

[6] To the extent that Reese challenges whether C.D. was at a continued risk of harm under the Act, we note that Mother violated a prior custody order by moving into a house where Reese lived and then refused to agree on a third party to supervise her visitation with C.D. From her position taken throughout the case, it is clear that Mother supports Reese which demonstrates that C.D. is at a continued risk of harm from Reese.

endangering the welfare of children if the offense involved sexual contact with the victim . . . [or] unlawful contact with a minor." 42 Pa.C.S. § 62A03. The Act provides the victim with a civil remedy requiring the offender to stay away from the victim, as well as other appropriate relief. *Id.* at § 62A02.

Instantly, T.D. testified that C.D. told him Reese touched her in her crotch area. N.T. Protection from Sexual Violence Hearing, 3/8/17, at 20. Moreover, the CDC interviewer and C.D.'s learning support teacher both testified that C.D. told them Reese had touched her down below. Under such circumstances we conclude that there was sufficient evidence to prove, by a preponderance of the evidence, that C.D. was a victim of sexual violence and that she is continued risk of harm. 42 Pa.C.S. § 62A03. The trial court, as factfinder, was in the position to credit plaintiff's witnesses over those of the defense. *Gutteridge v. J3 Energy Grp., Inc.*, 165 A.3d 908 (Pa. Super. 2017) (en banc), citing *Ecksel v. Orleans Constr. Co.*, 519 A.2d 1021 (Pa. Super. 1987). Accordingly, the court did not abuse its discretion or commit an error of law in entering the sexual protection order against Reese.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2017

- 9 -