J-A06004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| APRIL RENEE ROSE | : | |
| | : | |
| Appellant | : | No. 1191 MDA 2018 |

Appeal from the Judgment of Sentence Entered February 26, 2018
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0008416-2016

BEFORE:   OTT, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY OTT, J.:                    **FILED MAY 09, 2019**

April Renee Rose appeals from the judgment of sentence imposed on February 6, 2018, in the Court of Common Pleas of York County following a jury trial at which she was convicted of possession with intent to deliver (PWID), endangering the welfare of a child (EWOC), and recklessly endangering another person (REAP).[1]  She received an aggregate sentence of 10-20 months' incarceration.  In this timely appeal, Rose claims the trial court erred in allowing the introduction of the videotaped forensic interview of the four-year-old victim, Rose's daughter, S.Y.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we agree

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. §§ 4304(a)(1), and 2705, respectively.

that the trial court erred; however, the error was harmless in light of other evidence developed at trial. Accordingly, we affirm.

In the evening of December 3, 2016, Nancy Hauck overheard a conversation between Rose, who was her son's girlfriend, and S.Y. S.Y. was three years old at the time. Rose was telling S.Y. to take something that would help her sleep. S.Y. did not want to because it was "yucky." N.T. Trial, 1/16/2018, at 69-70. Rose and S.Y., who both lived in the Hauck residence, were in the third floor bathroom at the time of the conversation. The conversation troubled Hauck. After Rose and S.Y. left the bathroom, Hauck went in and saw an unknown white powder on the sink. Hauck testified, without objection, that she then spoke with S.Y. who told her "mommy gave her a white powder that tasted yucky." *Id.* at 70. Hauck then confronted Rose who stated S.Y. must have been referring to her toothpaste. Hauck did not believe that explanation as she knew S.Y. enjoyed the taste of her toothpaste.

Hauck then met with her paramour and told him what had occurred. Shortly thereafter, they called the doctor's office and took S.Y. to the hospital. Hauck testified S.Y was lethargic at the hospital and slept while there, barely responding even when blood was drawn. Eventually, they woke up S.Y. and collected a urine sample from her. Testing on the urine sample revealed the presence of opiates.

Police and a Youth Service worker met Hauck at her home early that morning. Rose was interviewed and Hauck showed the police the bathroom,

but no traces of white powder were found. Shortly thereafter, while Hauck was cleaning out Rose's living area, she found some pills in a baggie. Hauck called the police who arrived and confiscated the pills. Two of the pills were hydrocodone, an opiate, and the other was a non-controlled substance. S.Y. took part in a forensic interview during which she told the interviewer her mother had given her the white powder.

At trial, S.Y. was determined to be a competent witness. However, when asked about the white powder she could not remember who had given it to her. After this development, the Commonwealth called the forensic interviewer to the stand and, over objection, the recorded forensic interview was played to the jury. The Commonwealth did not present the interview under the Tender Years doctrine, 42 Pa.C.S. § 5985.1, in the belief that it applied only to sex crimes against children. Rather, the Commonwealth claimed, and the trial court agreed, that the interview was a prior inconsistent statement. The video was shown to the jury and Rose was subsequently convicted on the charges listed above.

As noted above, Rose now argues the trial court erred in allowing the video of the forensic interview to be shown. Our standard of review for an evidentiary issue is as follows.

> The admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion. In determining whether evidence should be admitted, the trial court must weigh the relevant and probative value of the evidence against the prejudicial impact of the evidence. Evidence is relevant

if it logically tends to establish a material fact in the case or tends to support a reasonable inference regarding a material fact. Although a court may find that evidence is relevant, the court may nevertheless conclude that such evidence is inadmissible on account of its prejudicial impact.

*Commonwealth v. Rashid*, 160 A.3d 838, 842 (Pa. Super. 2018) (citation omitted).

Further, if in reaching a conclusion the trial court over-rides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

*Commonwealth v. Weakley*, 972 A.2d 1182, 1188 (Pa. Super. 2009) (citation omitted).

Initially, we note that the general rule is a failure to remember does not qualify as a reason to introduce a prior inconsistent statement.

Thus, where the witness has made no assertions which stand in contradiction to statements the witness has made earlier, but merely claims he or she does not know or cannot remember, the prior statement should not be introduced. No permissible evidentiary purpose is served by introducing the prior statements and to do so is error.

*Commonwealth v. Moore*, 340 A.2d 447, 449 (Pa. 1975).

*Moore* addresses impeachment with a prior inconsistent statement pursuant to Pa.R.E. 613. Showing the video after S.Y. was excused from the stand was not used as impeachment but as substantive evidence. Nonetheless, we believe it is clear that the failure to remember is not inherently contradictory to any prior statements given. Therefore, S.Y.'s trial testimony that she could not recall who gave her the white powder was not inconsistent with any prior statement she made. *See also*, *Commonwealth*

*v. Watley*, 153 A.3d 1034 (Pa. Super. 2016); *Commonwealth v. Morris*, 417 A.2d 748 (Pa. Super. 1979); and *U.S. v. Palumbo*, 639 F.3d 123 (3rd Cir. 1981),[2] (all of which agree that lack of memory does not trigger the use of a prior "inconsistent" statement).

Although the Commonwealth specifically denied it sought the application of the Tender Years doctrine, *see* N.T. Trial, 1/16/2018, at 116-17, both the trial court and the Commonwealth now rely mainly upon the Tender Years doctrine to support the admission of the video. The Tender Years doctrine is found at 42 Pa.C.S. § 5985.1.[3]

_____

[2] Federal case law does not bind us; we recognize this case is merely advisory.

[3] The statute provides:

> **(a) General rule.--**An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated in 18 Pa.C.S. Chs. 25 (relating to criminal homicide), 27 (relating to assault), 29 (relating to kidnapping), 31 (relating to sexual offenses), 35 (relating to burglary and other criminal intrusion) and 37 (relating to robbery), not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:
>> (1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
>> (2) the child either:
>>> (i) testifies at the proceeding; or
>>> (ii) is unavailable as a witness.
>
> **(a.1) Emotional distress.--**In order to make a finding under subsection (a)(2)(ii) that the child is unavailable as a witness, the court must determine, based on evidence presented to it, that

We agree with the trial court's analysis regarding the general application of the doctrine, and, under other circumstances, would agree that the video was admissible. However, the court's analysis fails to account for Section 5895.1 (b) – Notice required. The Rule requires sufficient notice of the intent to use the statement and forbids such use if notice has not been given. Case law supports this mandate.

> The Act clearly states that in the event notice is not given, the "statement **_shall not_** be received into evidence." § 5985.1(b)

---

testimony by the child as a witness will result in the child suffering serious emotional distress that would substantially impair the child's ability to reasonably communicate. In making this determination, the court may do all of the following:

(1) Observe and question the child, either inside or outside the courtroom.

(2) Hear testimony of a parent or custodian or any other person, such as a person who has dealt with the child in a medical or therapeutic setting.

**(a.2) Counsel and confrontation.--**If the court hears testimony in connection with making a finding under subsection (a)(2)(ii), all of the following apply:

(1) Except as provided in paragraph (2), the defendant, the attorney for the defendant and the attorney for the Commonwealth or, in the case of a civil proceeding, the attorney for the plaintiff has the right to be present.

(2) If the court observes or questions the child, the court shall not permit the defendant to be present.

**(b) Notice required.--**A statement otherwise admissible under subsection (a) shall not be received into evidence unless the proponent of the statement notifies the adverse party of the proponent's intention to offer the statement and the particulars of the statement sufficiently in advance of the proceeding at which the proponent intends to offer the statement into evidence to provide the adverse party with a fair opportunity to prepare to meet the statement.

42 Pa.C.S. § 5985.1

(emphasis supplied). Since it is only by the authority of the statute that this otherwise inadmissible evidence is deemed admissible, a party's failure to comply with the statute's provisions must be met with the result dictated by the statute. Here, the legislature decided that a lack of notice negates the benefit § 5985.1 provides to the Commonwealth's case. We have no authority to alter that statutory scheme.

***Commonwealth v. Crossley***, 711 A.2d 1025, 1028-29 (Pa. Super. 1998) (footnotes omitted).

Here, because the Commonwealth mistakenly believed the Tender Years doctrine was not available regarding the forensic interview, it never provided notice of intent to use the interview. The statute and case law are both clear that without notice, the statement is not admissible. Accordingly, it is immaterial that the statement meets the other statutory requirements for admission.

Although we agree with Rose that the forensic interview was erroneously allowed into evidence, we also find this represents harmless error. The prejudice Rose complains of was S.Y.'s identification of her as the person who gave S.Y. the white powder. This identification was harmless because the same information had been provided to the jury, without objection, from Nancy Hauck, who testified, "I asked [S.Y.] first. She had told me that mommy [Rose] gave her a white powder that tasted yucky." N.T. Trial, 1/16/2018, at 70. Because the jury had already heard that S.Y. identified her mother, Rose, as the person who gave her the white powder, Rose was not prejudiced when the jury heard the same information a second time in the forensic interview.

Although the trial court abused its discretion by incorrectly applying the Rules of Evidence in allowing the video of the forensic interview to be shown to the jury, that abuse caused Rose no prejudice. Accordingly, she is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/09/2019