J-S27040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH M. TRIFIRO, | |
| Appellant | No. 1763 WDA 2013 |

Appeal from the Judgment of Sentence entered August 29, 2013,
in the Court of Common Pleas of Fayette County,
Criminal Division, at No(s): CP-26-CR-0000466-2012

BEFORE: GANTMAN, P.J., ALLEN, and STABILE, JJ.

MEMORANDUM BY ALLEN, J.*:                   **FILED OCTOBER 10, 2014**

Joseph M. Trifiro ("Appellant") appeals from the judgment of sentence imposed after a jury convicted him of two counts of aggravated indecent assault of a person under 13 years old, and two counts of indecent assault of a person less than 13 years old.[1] The trial court sentenced Appellant to concurrent terms of 25 - 50 years on the aggravated indecent assault counts. The trial court did not impose any further penalties on Appellant's indecent assault convictions.

The trial court expressed the factual background as follows:

> The incidents which gave rise to this case occurred on or about September 21, 2011. [Appellant] was acquainted with the [victims'] family, which included two [girls, M.D.S. and

---

[1] 18 Pa.C.S.A. §§ 3125(a)(7) and 3126(a)(7), respectively.

*This case was assigned to Judge Allen on August 6, 2014.

C.R.W.S.] The girls' father, Patrick [S.,] contacted Pennsylvania State Police to report two incidents of sexual assault o[f] his daughters. The then-four-year-old victim, M.D.S., told Pennsylvania State Police Trooper Heather Clem that [Appellant] had touched her vaginal area with his fingers during an overnight stay at [Appellant's] home. The then-six-year-old victim, C.R.W.S., told Trooper Clem that [Appellant] also touched her vaginal area with his fingers and that "it hurt." C.R.W.S.'s mother testified that when [C.R.W.S.] said what [Appellant] did to her, she took her into the bathroom to examine her vaginal area and found the area to be "red and swollen." Both girls told their mother that [Appellant] touched their "kitt[ies]," and "it hurt."

Forensic Interviewer Sarah Louik Gluzman testified that she interviewed both girls after the assaults were reported to police. M.D.S. told Ms. Gluzman that [Appellant] "stuck his fingers up [her] butt." Dr. Mary Carrasco, the physician who examined the girls, testified that she did not find any evidence of sexual abuse on either of them; however, she said that "in at least 95 percent of cases," there is no physical evidence. She emphasized that it did not eliminate the possibility that abuse occurred.

The final witness who testified on behalf of the Commonwealth was David Serrano, an inmate who first met [Appellant] when they were both housed in the State Correctional Institution in Brownsville, Fayette County. Serrano was known as a "jailhouse lawyer[,]" and it was common for inmates to approach him with legal questions. [Appellant] and Serrano were reacquainted while housed in the Fayette County Prison, and that is when [Appellant] asked Serrano about this case. Serrano testified that [Appellant] asked him to help "manipulate the system to get out of a case." Serrano knew the names and ages of the victims, and he testified that [Appellant] penetrated the girls' vaginas with his fingers, tongue, and penis. After receiving this information, Serrano contacted the District Attorney's Office and offered to testify about what [Appellant] told him. In exchange for this information, Serrano was permitted to plead guilty to a lesser offense.

Trial Court Opinion and Order, 10/10/13, at 2-3 (internal record citations omitted).

The trial court explained the procedural posture as follows:

On April 8, 2013, [Appellant] was convicted by a jury of two counts each of Aggravated Indecent Assault, Complainant Less Than 13 Years Old; and Indecent Assault, Person Less Than 13 Years Old.  On August 29, 2013, [Appellant] was declared a sexually violent predator upon the recommendation and testimony from the Pennsylvania Sexual Offenders Assessment Board, and he was sentenced to a mandatory twenty-five (25) to fifty (50) year [concurrent] term of incarceration [regarding the aggravated indecent assault counts, without any further penalties for the indecent assault convictions].  [Appellant] filed a timely Post-Sentence Motion, which was denied by this Court on October 10, 2013.

Trial Court Statement in Lieu of Opinion, 12/27/13, at 1.

Appellant filed a timely notice of appeal, and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  On December 27, 2013, the trial court filed its Statement in Lieu of Opinion.

Appellant presents the following issues for our review:

1. Whether the [trial] [c]ourt erred in denying [Appellant's] Motion for Modification of Sentence?

2. Whether the [t]rial court erred by permitting the admission of other crimes evidence against [Appellant] pursuant to Pennsylvania Rule of Evidence 404(b), where the Commonwealth's Motion In Limine was granted for the [Appellant's] State of Ohio conviction for Gross Sexual Imposition?

3. Whether [t]he [t]rial [c]ourt erred by permitting the testimony of Heather Clem, Dianna Dawn Stewart, Sarah Louik Gluzman and Patrick Ryan Stewart under the 42 Pa.C.S.A. § 5985.1 exception, because the evidence was cumulative and improperly bolstered the complainants' testimony?

- 3 -

4. Whether the evidence was insufficient to support the Appellant's convictions for aggravated indecent assault?

5. Whether the trial court erred in not finding that the weight of the Commonwealth's evidence was so inconsistent, contradictory, and inherently unreliable that the guilty verdicts for indecent aggravated assault cannot stand and the Appellant is entitled to be discharged?

Appellant's Brief at 5.

Appellant's first issue challenges the trial court's denial of Appellant's motion to modify his sentence. Our Court has explained:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the Appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Toland,* 995 A.2d 1242, 1248 (Pa. Super. 2010).

Appellant argues:

[Appellant's] sentence was grossly disproportionate because (1) the evidence was very weak to support the aggravated indecent assault convictions; (2) the most serious offenses for which he was convicted of were only a felony of the 2nd degree; (3) the predicate offense from Ohio was not properly admitted; and (4) the sentences are an aggregate of 100 years effectively making this case a life sentence.

The acts of indecent assault of two children over the course of a short time frame committed by Appellant, does not constitute offenses of sufficient gravity as to permit a severe sentence. Furthermore, even absent the application of the mandatory in this case, had the trial court sentenced Appellant to the statutory maximum for each offense, and run those sentences consecutively, Appellant could have been sentenced to a maximum possible penalty of 20 years - 40 years of

incarceration. As such, the sentence applied in the instant case is substantially higher than the maximum possible penalty available to the sentencing court had the Commonwealth chosen not to invoke the mandatory. The Appellant's age and the temporal displacement between the predicate and current offenses demonstrate a degree of gross disproportionality. The Appellant has satisfied the threshold question, thereby rendering his mandatory sentences as cruel and unusual punishment.

Appellant's Brief at 10-11.

In rebutting this challenge, the trial court clarified:

First, [Appellant] averred that he is entitled to a modification of the twenty [five] (25) to fifty (50) year jail term both because it is grossly disproportionate to the crimes he committed, it is in violation of the Eighth Amendment of the United States Constitution, it is also in violation of Article I, Section 13 of the Pennsylvania Constitution, and because it was decided in reliance upon his prior conviction in Ohio. []

[Appellant's] sentence was ordered pursuant to the mandatory minimum stated in 42 Pa.C.S.A. §9718.2(a). The Commonwealth presented a certified copy of his prior sexual offense conviction in Ohio[.] []

In addition to the Ohio conviction, [Appellant] entered a guilty plea in Fayette County for failing to register as a sex offender under Megan's Law. Furthermore, he was deemed a sexually violent predator during sentencing proceedings in this case.

Sexually violent predators need to be isolated from the general public, and the sentence, which was mandated by law, fits the crimes for which he was convicted; more particularly, where [Appellant] failed to follow the law requiring registration as a result of his first conviction for having sex with a child. As a result, this Court believes the sentence is properly proportionate to [Appellant's] crimes and accordingly not in violation of either his federal or state constitutional rights.

Trial Court Opinion and Order, 10/10/13, at 4. A review of the record and applicable sentencing provisions comports with the trial court's rationale for denying Appellant's motion to modify his sentence.

42 Pa.C.S.A. § 9718.2 governs sentences for sexual offenders and provides in pertinent part:

**§ 9718.2. Sentences for sexual offenders**

**(a) Mandatory sentence.--**

(1) Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9799.14 (relating to sexual offenses and tier system) shall, if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction, be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon such conviction, the court shall give the person oral and written notice of the penalties under paragraph (2) for a third conviction. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

42 Pa.C.S.A. § 9718.2(a)(1).

On April 11, 2013, pursuant to statutory mandate, the Commonwealth notified Appellant that "due to [Appellant's] conviction on April 8, 2013, on the charges of Aggravated Indecent Assault, Complainant Less than 13 Years Old (Count 1 and Count 2) and Indecent Assault, Person Less than 13 Years Old (Count 3 and Count 4), you are subject to the mandatory sentencing provisions of 42 Pa.C.S.A. § 9718.2(a)(1). Since you have a previous

conviction in the State of Ohio for Gross Sexual Imposition, under 42 Pa.C.S.A. § 9718.2(a)(1), the mandatory sentence is twenty-five (25) to fifty (50) years." Notice of Commonwealth's Intention to Seek Mandatory Sentence Under 42 Pa.C.S.A. §9718.2, 4/11/13, at 1.

Moreover, Appellant discounts that 42 Pa.C.S.A. § 9718.2 further provides:

> **(b) Mandatory maximum.--An offender sentenced to a mandatory minimum sentence under this section shall be sentenced to a maximum sentence equal to twice the mandatory minimum sentence,** notwithstanding 18 Pa.C.S. § 1103 (relating to sentence of imprisonment for felony) or any other provision of this title or other statute to the contrary.
>
> ***
>
> **(d) Authority of court in sentencing.--There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsections (a) and (b) or to place the offender on probation or to suspend sentence.** Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

42 Pa.C.S.A. § 9718.2(b) and (d) (emphasis supplied).

Additionally, the trial court observed:

> It should be noted that the Court sentenced [Appellant] to the mandatory minimum and ordered counts one and two to run concurrent with one another. There were two victims, and it would have been within the Court's discretion to order counts one and two to run consecutive to one another, which would have resulted in a substantially longer aggregate sentence.

Trial Court Opinion and Order, 10/10/13, at 5. Accordingly, Appellant's sentencing challenge is without merit.

Appellant's second issue contends that the trial court erred in admitting evidence of his Ohio conviction for gross sexual imposition.

> Appellate courts typically examine a trial court's decision concerning the admissibility of evidence for abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. Typically, all relevant evidence, *i.e.*, evidence which tends to make the existence or non-existence of a material fact more or less probable, is admissible, subject to the prejudice/probative value weighing which attends all decisions upon admissibility. *See* Pa.R.E. 401; Pa.R.E. 402[.]

*Commonwealth v. Dillon*, 925 A.2d 131, 136-37 (Pa. 2007).

With regard to the admission of prior bad acts, our Rules of Evidence provide:

> **(a) Character evidence generally.** Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>
> ***
>
> **(b) Other crimes, wrongs, or acts.**
>
> (1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.
>
> (2) Evidence of other crimes, wrongs, or acts may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

(3) Evidence of other crimes, wrongs, or acts proffered under subsection (b)(2) of this rule may be admitted in a criminal case only upon a showing that the probative value of the evidence outweighs its potential for prejudice.

Pa.R.E. 404(a); (b)(1)-(3).

Instantly, the Commonwealth's motion *in limine* moved to admit "[Appellant's] prior guilty plea to the crime of gross sexual imposition for the purposes permitted by [the] Pennsylvania Rules of Evidence." Commonwealth's Motion *in limine* to introduce [Appellant's] Prior Bad Acts, 2/28/13, at 2. The Commonwealth noted "Pennsylvania Rule of Evidence 404(b) permits evidence of other crimes, wrongs, or acts of the Defendant for purposes such as proof of motive, opportunity, intent, preparation, plan, etc." *Id.* During argument at trial regarding the admission of this evidence, the Commonwealth cited cases supporting admission of prior bad act evidence meeting "the common plan exception[.]" N.T., 4/8/13, at 228.

The trial court admitted Appellant's Ohio conviction as evidence of his motive to commit the charged crimes against M.D.S. and C.R.W.S. *Id.* at 230. The record does not set forth a developed basis for this determination. However, the record does support the admission of Appellant's Ohio conviction as prior bad act evidence of Appellant's common scheme and plan, as set forth in the Commonwealth's motion *in limine,* as well as during

the Commonwealth's arguments at trial.[2] ***See Commonwealth v. Aikens,*** 990 A.2d 1181 (Pa. Super. 2010).

Appellant's Ohio conviction had an offense date of October 6, 2001, a similar time of year as the instant offense dates of September 20-22, 2011. N.T., 4/8/13, at 221. Moreover, Appellant's Ohio conviction involved a prepubescent eight-year-old child, not much older than M.D.S. and C.R.W.S., who were 4 and 6 years old, respectively, when they were assaulted. *Id.* at 218. Additionally, Appellant's Ohio conviction involved 3 elements: (1) sexual contact; (2) with a person not the offender's spouse; (3) which was compelled by force or threat of force. *Id.* at 221-222. Here, Appellant had sexual contact with the children, neither of whom was his spouse, and the sexual contact involved Appellant's exertion of power over M.D.S. and C.R.W.S. Significantly, Serrano testified that Appellant engaged assaulted M.D.S. and C.R.W.S. because "[Appellant] said he liked the feeling of power over them[.]" N.T., 4/5/13, at 180.

The trial court specifically instructed the jury that "[y]ou must not regard this evidence [concerning Appellant's Ohio conviction for gross sexual imposition] as showing that [Appellant] is a person of bad character or

---

[2] "[We] may affirm the decision of the trial court on any correct basis." ***Rambo v. Greene***, 906 A.2d 1232, 1235 n.4 (Pa. Super. 2006) ***referencing Spece v. Erie Ins. Group, 850 A.2d 679, 683 n. 2*** (Pa. Super. 2004) (Superior Court may affirm trial court by reasoning other than that employed by trial court).

criminal tendencies from which you might be inclined to infer guilt." N.T., 4/8/13, at 281. Such an instruction weighs against a finding of trial court error. **See Commonwealth v. Spotz,** 756 A.2d 1139, 1153 (Pa. 2000) ("fact that trial court clearly instructed jury that it could only consider other crimes evidence for relevant limited purposes and not merely as evidence of appellant's propensity to commit crimes weighed against claim of error").

Further, the trial court conducted the requisite weighing of the probative value versus the prejudicial effect of the admission of Appellant's Ohio conviction. **See Commonwealth v. Sherwood,** 982 A.2d 483, 497 (Pa. 2009) (the trial court is "obliged" to consider the probative value of the evidence versus its prejudice to appellant). The trial court concluded that "the probative value [of the Ohio conviction] does exceed [its] prejudicial impact." N.T., 4/8/13, at 229. Indeed, the trial court purposely sought to mitigate any prejudice to Appellant by disallowing the jury to be given as an exhibit "the written record" of Appellant's Ohio conviction, which included "four other charges for which there was no guilty plea entered, and those charges were either dismissed or nol prossed." *Id.* at 229, 221. The additional charges included the more severe offenses of rape and kidnapping. *Id.* at 221. The trial court additionally instructed Trooper Clem "not to bring up [the] state of Ohio" so that "would allow the jury to infer that [Appellant']s presence at SCI Fayette three years ago [during his incarceration alongside Serrano] indicates only one prior conviction and not

- 11 -

two, which would be the inference they would draw if they were told this case was in Ohio. To that extent, I know it's not apples and apples, but I'm trying to ameliorate the prejudicial impact of this [Ohio conviction][.]." *Id.* 229-230. Accordingly, the record supports the trial court's determination that Appellant's Ohio conviction for gross sexual imposition was admissible as prior bad act evidence, where the probative value outweighed any prejudice to Appellant.

Appellant's third issue challenges the trial court's admission of the testimony of the children's parents, D.S. and P.S., along with the testimony of Sarah Louik Gluzman, the forensic interviewer, and Trooper Heather Clem. Appellant maintains that the witnesses' testimony should not have been admitted under the tender years hearsay exception at 42 Pa.C.S.A. § 5985.1 because "the evidence was cumulative and improperly bolstered the complainants' testimony." Appellant's Brief at 16.

In affirming the admission of testimony pursuant to the tender years hearsay exception, we have explained:

> Generally, hearsay is inadmissible at trial unless it falls into one of the exceptions to the hearsay rule. *Commonwealth v. Bean,* 450 Pa.Super. 574, 677 A.2d 842, 844 (1996). The tender years exception to the rule against hearsay is set forth at 42 Pa.C.S.A. § 5985.1. The relevant sections of the statute are as follows:
>
> **§ 5985.1**. Admissibility of certain statements
>
> **(a) General rule.—**An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing physical abuse, indecent contact or any of the offenses enumerated in 18 Pa.C.S. Ch. 31 (relating to sexual offenses)

performed with or on the child by another, not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

(1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) the child either:

(i) testifies at the proceeding; or

(ii) is unavailable as a witness.

42 Pa.C.S.A. § 5985.1(a)

As we have held in *Commonwealth v. Fink,* 791 A.2d 1235, 1248 (Pa. Super. 2002), the tender years exception allows for the admission of a child's out-of-court statement due to the fragile nature of young victims of sexual abuse. Any statement admitted under § 5985.1 must possess sufficient indicia of reliability, as determined from the time, content, and circumstances of its making. *Id.* (citations omitted).

***Commonwealth v. O'Drain,*** 829 A.2d 316, 319-320 (Pa. Super. 2003).

Our review of the record supports the trial court's determination that the witnesses' testimony was admissible. M.D.S. and C.R.W.S. were less than 12 years old at the time of their declarations regarding the indecent assaults. The statements possess indicia of reliability because they were made to the victims' parents very close in time to the indecent assaults, using age-appropriate descriptions, and were made when the parents questioned C.R.W.S., after observing C.R.W.S.'s odd behavior the morning after C.R.W.S. spent the evening with Appellant. *See* N.T., 4/5/13, at 70-82; 150-174.

Moreover, Appellant discounts that the children's statements to their parents are admissible under Pennsylvania Rule of Evidence 613. Indeed, in **O'Drain, supra,** we affirmed a trial court's admission of a child's statement to her mother's fiancé, and observed:

> In cases involving sexual assault, Rule 613 authorizes the Commonwealth to present evidence in its case-in-chief of a prompt complaint by the victim "because [the] alleged victim's testimony is automatically vulnerable to attack by the defendant as recent fabrication in the absence of evidence of hue and cry on her part." Pa.R.Evid. 613(c) (comment), citing *Commonwealth v. Freeman,* 295 Pa. Super. 467, 441 A.2d 1327, 1331 (1982). "Evidence of a complaint of a sexual assault is 'competent evidence, properly admitted when limited to establish that a complaint was made and also to identify the occurrence complained of with the offense charged.'" *Commonwealth v. Stohr,* 361 Pa. Super. 293, 522 A.2d 589, 592–593 (1987) (*en banc* ), quoting *Commonwealth v. Freeman,* 295 Pa. Super. 467, 441 A.2d 1327, 1331 (1982).

**O'Drain,** 829 A.2d at 322. Here, as in **O'Drain**, the testimony concerning the complaints of M.D.S. and C.R.W.S. to their parents was admissible to "establish that a complaint was made and also to identify the occurrence complained of with the offense charged." **Id.**

Likewise, the timing, content, and circumstances of the children's declarations to forensic interviewer Gluzman and Trooper Clem concerning the aggravated indecent assaults reflects that those statements possess the requisite indicia of reliability for admission under the tender years hearsay exception. Forensic interviewer Gluzman, an experienced interviewer of children who have been the victims of sexual abuse, found the children to be "genuine" at the time she interviewed them. N.T., 4/5/13, at 97-98. She

did not observe "any signs of suggestion or taint[,]" and she "had no indication that they were coached to say anything." *Id.* at 95; 97. Likewise, a review of Trooper Clem's testimony reflects that she spoke to the children and received from them statements concerning Appellant's sexual contact with them, which was expressed in age-appropriate language, in response to age-appropriate open-ended questions. N.T., 4/8/13, at 201-216; 232-257. Therefore, Appellant's claim of trial court error regarding the admissibility of the testimony of the children's parents, forensic interviewer Gluzman, and Trooper Clem fails.

Appellant's fourth issue contends that the evidence was insufficient to support his convictions for aggravated indecent assault regarding M.D.S. and C.R.W.S. because "the Commonwealth failed to advance any credible testimony to establish beyond a reasonable degree of proof the element of the 'slightest penetration.'" Appellant's Brief at 16.

It is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. *Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.* The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt

by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Abed,*** 989 A.2d 23, 26-27 (Pa. Super. 2010) (internal citation omitted) (emphasis in original).

Here, the trial court emphasized that Serrano's testimony concerning Appellant's penetration of the victim's genitals was not the sole testimony regarding penetration presented to the jury. Specifically, the trial court stated, "Ms. Gluzman testified that during her interview with M.D.S., the girl stated that [Appellant] 'stuck his finger up [her] butt.'" Trial Court Opinion and Order, 10/10/13, at 5, *citing* N.T., 4/5/13, at 123. The trial court further observed:

> [T]he girls' mother testified that both the girls reported that [Appellant] touched their "kitty," and it "hurt." [N.T., 4/5/13,] at 66. Finally, the girls' mother also testified that when she examined C.R.W.S.'s vaginal area, she found it to be "red and swollen." *Id.* at 61. All of these statements constitute both direct and circumstantial evidence that penetration, however slight, took place. The fact that the victims did not testify to penetration at trial does not negate this evidence. []

Trial Court Opinion and Order, 10/10/13, at 5 - 6. This collective evidence, viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to support the jury's determination that Appellant was guilty of two counts of aggravated indecent assault.

Appellant's fifth and final issue asserts that the trial court "erred in not finding that the verdict was against the weight of the evidence and denying Appellant a new trial." Appellant's Brief at 19.

> Scrutiny of whether a verdict is against the weight of the evidence is governed by the standard set forth in *Commonwealth v. Champney,* 574 Pa. 435, 832 A.2d 403 (2003).
>
>> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.
>
> *Id.* at 443, 832 A.2d at 408 (citations omitted).

**Commonwealth v. Charlton,** 902 A.2d 554, 561 (Pa. Super. 2006).

> Significantly, in **Charlton**, our Court explained:
>
>> "A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Galindes,* 786 A.2d 1004, 1013 (Pa. Super. 2001) (citation omitted). "[A]n appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence," as the trial judge is in the best position to view the evidence presented. *Commonwealth v. Wright,* 865 A.2d 894, 915 (Pa. Super. 2004) (citations omitted).

**Id.**

Instantly, the trial court discounted the seemingly conflicting evidence regarding physical findings of sexual abuse during the children's physical examination by Dr. Carrasco. The trial court opined:

> Dr. Carrasco's testimony indicating that she found no physical evidence of abuse during her examination of the girls is also inconsequential. As stated in the background of the case, Dr. Carrasco said that in "95 percent of cases," there is no physical evidence." *Id.* at 144. She further stated [that] an absence of physical evidence does not mean that abuse did not occur." *Id.*
>
> For all these reasons, none of the verdicts "shock the conscience" of this Court, and this Court does not believe that the verdicts were against the weight of the evidence.

Trial Court Opinion and Order, 10/10/13, at 5-6.

Our review of the record supports the trial court's determinations regarding the sufficiency and weight of the evidence, and is consonant with the precept that "[i]t is the function of the jury to evaluate evidence adduced at trial to reach a determination as to the facts, and where the verdict is based on substantial, if conflicting evidence, it is conclusive on appeal." ***Commonwealth v. Reynolds,*** 835 A.2d 720, 726 (Pa. Super. 2003) (internal citation omitted). Further, "the jury [is] not obligated to accept" the evidence submitted by the defense. ***Commonwealth v. Boczkowski,*** 846 A.2d 75, 82 (Pa. Super. 2004) *citing* ***Commonwealth v. Tharp,*** 830 A.2d 519, 527 (Pa. 2003). Accordingly, Appellant's challenges to the sufficiency and weight of the evidence are unavailing.

Judgment of sentence affirmed.

Judge Gantman, P.J., joins the memorandum.

Judge Stabile files a concurring/dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/10/2014