J-S61011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| WILLIAM BROWN, IV | |
| Appellant | No. 1770 WDA 2015 |

Appeal from the Judgment of Sentence July 15, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011189-2013

BEFORE:  PANELLA, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 26, 2016**

Appellant, William Brown, IV, appeals from the judgment of sentence entered on July 15, 2015, in the Court of Common Pleas of Allegheny County. On appeal, Brown advances two claims. First, he argues that the trial court abused its discretion in recommending him for a motivational boot camp, but imposing an aggregate sentence that makes him legally ineligible to be considered. We find that discretionary aspects of sentencing claim waived. Second, he maintains that the trial court abused its discretion by failing to hold a hearing on his second post-sentence motion based on after-discovered evidence. We find that there was no need for a hearing as Brown's underlying legal theory, that the Commonwealth failed to disclose evidence, is belied by the record. We affirm.

A jury convicted Brown of possession with intent to deliver a controlled substance, two counts of delivery of a controlled substance, and conspiracy. The trial court later sentenced Brown to an aggregate period of imprisonment of six to twelve years. At sentencing, the trial court noted that "evaluation for boot camp at the discretion of the state system." N.T., Sentencing, 7/15/15, at 22. The trial court entered a sentencing order on that same date that has "Boot Camp Recommended" under each count for which it imposed a sentence.

David A. Hoffman, Esquire, represented Brown at sentencing and filed a post-sentence motion. In the motion, Attorney Hoffman "request[ed] reconsideration of sentence (to reduce the sentence of incarceration)…." Post-Sentence Motion, 7/21/15, at ¶4. He also requested an extension of time for Brown to file an amended post-sentence motion, as he was also moving to withdraw as counsel. The trial court granted Attorney Hoffman's motion to withdraw and granted an extension of time to file an amended post-sentence motion. The court also appointed Lyle S. Dresbold, Esquire, as counsel.

Attorney Dresbold then filed a post-sentence motion on Brown's behalf. The motion alleged that "[t]he sentence is unduly harsh given the facts and circumstances and should be reconsidered. Defendant believes that a concurrent sentence is appropriate because all the illegal activity for which he was convicted was the result of a single chain of events." Post-

Sentence Motion, 9/21/15, at ¶6. The trial court denied Brown's post-sentence motion by order entered October 9, 2015.

Attorney Dresbold filed another post-sentence motion on October 27, 2015. The motion alleged a **Brady**[1] violation: that the Commonwealth failed to disclose in discovery the criminal history of trial witness, and Brown's former co-defendant, Carrie Ann Schaub. The motion alleged Schaub "has multiple past convictions for Manufacture, Delivery, or Possession with Intent to Deliver controlled Substances." Second Post-Sentencing Motion *Nunc Pro Tunc*, 10/25/15, at ¶¶5-7, 11. The motion further alleged, "[c]urrent counsel did not become aware of the Commonwealth's failure to disclose the evidence until after the denial of his first post-sentencing motion." **Id**., at ¶12.

The Commonwealth filed a response. The Commonwealth noted that it requested a Pennsylvania Criminal History Rap Sheet for Carrie Ann Schaub. The Rap Sheet showed, apart from the charges on trial, only an arrest for retail theft on October 23, 2005, for which she was adjudicated delinquent. **See** Motion in Response to Defendant's Second Post-Sentence Motion Nun Pro Tunc, 11/5/15, at 1 and Exhibit "A," (a copy of the Rap Sheet). The Commonwealth stated that it was "completely unaware of any other

_____

[1] In **Brady v. Maryland**, 373 U.S. 83 (1963), the United States Supreme Court declared that due process is offended when the prosecution withholds evidence favorable to the accused.

convictions of Schaub until receipt" of Brown's *nunc pro tunc* post-sentence motion. *Id*. The response further explained that the Commonwealth contacted Attorney Dresbold to ask about the prior convictions and that Attorney Dresbold "informed the Commonwealth that he previously represented Schaub in Armstrong County, Pennsylvania[,] on drug cases to which she plead guilty and this is how he knew she had a criminal history." *Id*., at 2. Given Attorney Dresbold's knowledge of Schaub's prior convictions, the Commonwealth maintained that the *nunc pro tunc* post-sentence motion was untimely filed.

The Commonwealth additionally argued that it did not fail to disclose exculpatory evidence. It explained that Attorney Dresbold had not presented any evidence that the Office of the Attorney General, who represented the Commonwealth at trial, ever had possession or knowledge of Schaub's prior drug convictions. "These documents were instead in the possession of the Armstrong County District Attorney's Office and the Kittanning Borough Police Department, as the Kittanning Borough Police Department Secretary never submitted Schaub's fingerprint card to the Pennsylvania State Police." *Id*., at 4. And, in any event, the Commonwealth noted the prior drug offenses would have been inadmissible, as they are not *crimen falsi* convictions.

The trial court entered an order denying the *nunc pro tunc* post-sentence motion on November 5, 2015. This timely appeal followed.

On appeal, Brown first challenges the discretionary aspects of his sentence. In his Rule 2119(f) statement, Brown maintains that "in crafting consecutive sentences, the lower court in essence disqualified the Appellant from boot camp and left him with an unduly harsh aggregate sentence." Appellant's Brief, at 10. Brown's claim is that the trial court abused its discretion when it "approved and recommended him for boot camp," but then imposed a sentence that made him motivational boot camp ineligible. *Id*.

Brown is correct that his aggregate sentence of imprisonment of six to twelve years renders him ineligible for a motivational boot camp. *See* 61 Pa.C.S.A. § 3903 (defining "eligible inmate"). And it seems incongruous to us that the trial court imposed a sentence that rendered him legally ineligible for boot camp, but then immediately announced in open court "evaluation for boot camp at the discretion of the state system" and noted "Boot Camp Recommended" under each count for which it imposed a sentence in the sentencing order.[2] But this is a claim that Brown never advanced in the trial court. "[I]ssues challenging the discretionary aspects of a sentence must be

_____

[2] In its brief, the Commonwealth concedes that the trial court "recommended boot camp at each count," however, the aggregate sentence rendered Brown's consideration ineligible. Commonwealth's Brief, at 9. But it then goes on to try and explain away the incongruity: "The lower court was certainly aware of the eligibility criteria for the boot camp program and, had it so chosen, could have imposed a boot camp-eligible sentence." *Id*. No. That makes no sense.

raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Commonwealth v. Shugars**, 895 A.2d 1270, 1273-1274 (Pa. Super. 2006) (citation omitted). As Brown failed to include this particular claim in any of his three post-sentence motions, which we detailed above, we find this discretionary claim waived.[3]

---

[3] The trial court notes "Appellant's sentences were all at the very low end of the standard range of the sentencing guidelines." Trial Court Opinion, 2/10/16, at 6. This is incorrect. Brown, in his Rule 2119(f) statement, claims that the trial court sentenced him "within the sentencing guidelines." Appellant's Brief, at 10. This is partially correct.

At count 3, conspiracy (possession with intent to deliver 50<100 g of heroin), the trial court sentenced *outside* the guidelines—the trial court imposed a sentence *below* the *mitigated* range. At count 6 (possession with intent to deliver <1 g of heroin), the trial court imposed a standard range sentence. At count 7 (possession with intent to deliver <1 g of heroin), the trial court imposed another standard range sentence. At count 10 (possession with intent to deliver 50<100 g of heroin), the trial court imposed a *mitigated* range sentence.

The trial court imposed consecutive sentences at counts 3, 7, and 10 and imposed a concurrent sentence at count 6. A standard range sentence is presumptively reasonable. **See Commonwealth v. Fowler**, 893 A.2d 758, 767 (Pa. Super. 2006). And a trial court has discretion to determine whether, given the particular facts of the case, a sentence should run consecutive to or concurrent with another sentence. **See Commonwealth v. Bowen**, 55 A.3d 1254, 1265 (Pa. Super. 2012). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question *in only the most extreme circumstances*, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." **Commonwealth v. Moury**, 992 A.2d 162, 171-172 (Pa. Super. 2010) (emphasis added; citation omitted). That, we would note, is simply not the case here.

In his second issue, Brown argues that the trial court erred in denying his "Second Post-Sentencing Motion Nun Pro Tunc" without a hearing. Brown filed this second post-sentence motion pursuant to Pa.R.Crim.P. 720(c), **After-discovered Evidence**. Subsection (c) provides that "[a] post-sentence motion for a new trial on the ground of after-discovered evidence must be filed in writing promptly after such discovery." Rule 720 leaves it in the trial court's discretion to determine whether a hearing is necessary. *See* Pa.R.Crim.P. 720(B)(2)(b).

As noted, the second post-sentence motion concerned Brown's claim that the Commonwealth deliberately failed to disclose Carrie Ann Schaub's prior convictions. And, as also mentioned, the Commonwealth responded that it had no awareness of Schaub's prior record and that Attorney Dresbold was Schaub's criminal defense attorney for the very offenses he accused the Commonwealth of withholding. Attorney Dresbold explains in the appellate brief that "[i]n 2009, appellate counsel represented Carrie Schaub during a series of negotiated plea bargains in Armstrong County. … During their brief time together, counsel knew her as Carrie Ann." Appellant's Brief, at 14. Thus, he purports to explain his late discovery that led to the filing of the second post-sentence motion.

The trial court denied the second post-sentence motion because Attorney Dresbold did not file it "promptly" as required by Rule 720(c). The court explains that Attorney Dresbold already "acquired the information

regarding Schaub's prior convictions during his previous representation of Schaub." Trial Court Opinion, 2/10/16, at 8. Accordingly, the trial court found he impermissibly waited 97 days after the filing of his post-sentence motion to raise this claim in the second post-sentence motion.

We agree with the trial court that there was no need for a hearing, but we do so for a different reason. **See Commonwealth v. O'Drain**, 829 A.2d 316, 321 n.7 (Pa. Super. 2003) ("[T]his court may affirm the decision of the trial court if there is any basis on the record to support the trial court's action; this is so even if we rely on a different basis in our decision to affirm.") Brown has never disputed the Commonwealth's assertion in its response that it had neither possession nor knowledge of Schaub's prior drug convictions. The Commonwealth has a mandatory duty to disclose "[a]ny evidence favorable to the accused that is material either to guilt or to punishment, and is within the possession or control of the attorney for the Commonwealth[.]" Pa.R.Crim.P. 573(B)(1)(a). Rule 573 "was promulgated in response to the dictates of **Brady**." **Commonwealth v. Sullivan**, 820 A.2d 795, 802 (Pa. Super. 2003) (citations and internal quotation marks omitted). There was no need for a hearing in this case because the

Commonwealth had not violated any mandatory duty to disclose favorable evidence.[4]

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2016

---

[4] The trial court obviously found Attorney Dresbold's claim that he did not realize he represented Schaub until well after the filing of the post-sentence motion incredible. Our resolution takes both Attorney Dresbold and the attorneys for the Commonwealth at their respective words as officers of the court.